1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9
10
11

JASBIR LALLY,                          No.  2:13-cv-00130 JAM-CKD

            Plaintiff,

        v.                             **ORDER GRANTING DEFENDANT'S**
                                       **MOTION FOR SUMMARY JUDGMENT AND**
RABOBANK, N.A., Does 1-10,             **DENYING PLAINTIFF'S MOTION TO**
                                       **STRIKE**
            Defendants.

The Court has received, read and considered the parties'
supplemental briefings on Defendant Rabobank's ("Defendant")
motion for summary judgment on Plaintiff Jasbir Lally's
("Plaintiff") third and fourth causes of action for failure to
take steps to accommodate her disability in the workplace. For
the reasons set forth below, Defendant's motion is granted.

    I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

    Plaintiff Lally worked for Defendant Rabobank for over five
years without incident.  See Lally Decl. ¶ 2.  As an
"Administrative Vice President," Plaintiff supported the CEO in
administrative tasks and supervised other administrative

1

1  assistants.  Lally Depo. at 21:9-18.

2      Things changed when Plaintiff came under the direction of a

3  new CEO, John Ryan, in October 2012.  See Ryan Decl. ¶¶ 2-3;

4  Lally Depo. at 22:22-23:1.  Around that time, she started

5  suffering from symptoms of stress, sleeplessness, and anxiety.

6  Lally Depo. at 42:14-19 & 45:10-19.  Plaintiff sought help from a

7  medical professional, who diagnosed her with an anxiety disorder.

8  Lally Depo. at 32:9-13.  Thereafter, Plaintiff began taking

9  medication, took several sick days, and embarked on a three-week

10 vacation concluding January 8, 2013.  Lally Depo. at 74:1-3,

11 119:12-13, 123:5-9, 127:4-128:4 & 134:1-4.

12     While on vacation, Plaintiff took action in hopes of

13 bettering her work situation.  She filed a workers' compensation

14 claim against Defendant, citing her "Mental Stress."  Stangeland

15 Suppl. Decl. ¶ 6; id. Exh. B.  She had her medical provider send

16 Defendant the first of numerous "Work Status/Progress Reports"

17 detailing Plaintiff's health limitations and activities she could

18 and could not engage in.  Stangeland Suppl. Decl. ¶ 6; id. Exhs.

19 E, G & I.  Finally, she filed a "Leave of Absence Request Form"

20 on the basis of "[a] serious health condition" that was "[w]ork

21 [r]elated."  Stangeland Suppl. Decl. Exh. C.  She requested her

22 leave to begin on January 14 and did not specify a "return to

23 work date."  See id.  Defendant granted this leave through "a

24 date to be determined."  See Stangeland Suppl. Decl. Exh. D.

25     After her vacation, Plaintiff returned to work for a single

26 day on January 10.  Stangeland Suppl. Decl. ¶ 13; id. Exh. A.

27 Thereafter she remained on leave until Defendant terminated her

28 in early February for exporting confidential documents to her

                                  2

1  personal email.  Stangeland Suppl. Decl. ¶ 9; id. Exh. A; Weiss

2  Decl. ¶ 5.

3      Plaintiff filed her complaint in this action on January 22,

4  2013 (Doc. #1) alleging nine causes of action: (1) Termination

5  (or demotion) in violation of public policy; (2) Disability

6  discrimination under the California Fair Employment and Housing

7  Act ("FEHA"); (3) Failure to engage in the interactive process

8  towards a reasonable accommodation under FEHA; (4) Failure to

9  provide reasonable accommodation under FEHA; (5) Disability

10  harassment under FEHA; (6) Unlawful retaliation under FEHA;

11  (7) Intentional infliction of emotional distress; (8) National

12  origin discrimination under Title VII of the Civil Rights Act of

13  1964 ("Title VII"); and (9) Color discrimination under Title VII.

14  Defendant lodged a counterclaim (Doc. #6) seeking damages for

15  Plaintiff's alleged transmission of confidential bank information

16  and injunctive relief to prohibit her use of these documents.

17  See Weiss Decl. ¶ 9.

18      Defendant brought this motion for summary judgment as to

19  each of Plaintiff's causes of action (Doc. #31).  The Court heard

20  oral argument on October 15, 2014 (Doc. #36).  At that time, it

21  granted Defendant's motion for summary judgment as to all of

22  Plaintiff's claims, except the third and fourth causes of action.

23  The Court also ordered further briefing and factual development

24  on the third and fourth claims.  Both parties submitted briefing

25  (Doc. ##37, 39 & 40) and Defendant filed a supplemental statement

26  of material facts (Doc. #37).  Plaintiff failed to respond to

27  Defendant's supplemental statement or to provide any further

28  factual development.  Instead, she filed an "ex parte motion to

3

1  strike all of the defense supplemental briefing beyond the

2  initial ten pages" (Doc. #38).

3                          II.   OPINION

4  A.  "Ex Parte motion to strike"

5       As an initial matter, the Court declines Plaintiff's

6  request that it disregard portions of Defendant's briefing.

7  That briefing complied with this Court's order and with the

8  local rules.

9       At oral argument, the Court ordered the parties to provide

10  supplemental briefing up to ten pages and further factual

11  development.  Defendant complied with this order by filing a

12  ten-page brief, as well as other documents comprising the

13  factual basis for that briefing: a "statement of undisputed

14  material facts" and the declarations and exhibits supporting

15  those facts.  These additional documents were required in order

16  to comply with the Court's order to engage in further factual

17  development.  They were also required to comply with the local

18  rules.  See Local Rule 260.

19       Because Defendant has complied with the Court's order and

20  the local rules, the Court DENIES Plaintiff's "ex parte" motion

21  to strike.  The Court has therefore considered all documents

22  submitted in Defendant's supplement briefing.

23  B.  Motion for summary judgment on third and fourth causes
    of action.

24

25       The parties' arguments in their supplemental briefing

26  concerned Plaintiff's third and fourth claims — failure to

27

28
                                4

1  engage in the interactive process and failure to accommodate.[1]

2  The analyses for these issues are interrelated, so the Court

3  considers both below.

4      The parties first dispute when Defendant was on notice of

5  Plaintiff's disability.  Defendant argued in the first round of

6  briefing that "Plaintiff never communicated her need for

7  accommodation" and "never provided Rabobank with any written

8  document from her health care provider . . . ."  Mot. at 17:28-

9  18:3; Stangeland Decl. ¶ 9.  Upon further factual development,

10  Defendant concedes that it did become aware of Plaintiff's

11  anxiety disorder when she filed a worker's compensation claim on

12  January 2, 2013.  Stangeland Suppl. Decl. ¶ 6.  Defendant

13  further concedes that throughout the month of January, it

14  received communications from Plaintiff and her medical provider

15  about her need to alleviate stress, as well as multiple "Work

16  Status/Progress Reports" detailing activities that Plaintiff

17  could and could not engage in.  Suppl. Brief. at 5; Stangeland

18  Suppl. Decl. ¶¶ 6-12.

19      Plaintiff meanwhile persists in arguing that Defendant was

20  on notice of her disability since October 2012.  Opp. at 5; Opp.

21  to Suppl. Brief. at 2 & 3.  But this argument is foreclosed by

22  the Court's previous ruling.  The Court already addressed the

23  issue of notice in granting summary judgment on Plaintiff's

24  disability discrimination claim.  For the reasons then stated,

25  the Court found that Plaintiff failed to establish a triable

26  issue of whether Defendant was on notice before January 2013.

27  _____

[1] These issues were determined to be suitable for decision

28  without further oral argument.  E.D. Cal. L.R. 230(g).

This lack of notice forecloses Defendant's liability as a matter of law. An employer can only be liable for failure to accommodate or engage in the interactive process under FEHA if the employer was on notice of the disability or the need to accommodate. Brown v. Lucky Stores, Inc., 246 F.3d 1182, 1188 (9th Cir. 2001). Therefore, summary judgment in Defendant's favor is warranted to the extent Plaintiff alleges that Defendant failed to accommodate her or engage in an interactive process between October and January 2.

Even after January 2, Plaintiff has not shown a genuine factual dispute. Plaintiff alleges that Defendant failed to meet its FEHA obligations because it "unilaterally concluded it could not accommodate Ms. Lally and sent her away." Opp. to Suppl. Brief. at 6:11-12. But the undisputed evidence does not support Plaintiff's version of events. Indeed, Plaintiff was only at work for a single day between January 2 and her termination on February 8. Yet the reason for Plaintiff's absence was not that Defendant "sent her away." Rather, Plaintiff herself requested to be absent. First, she scheduled her vacation until January 8. Then, after coming to work for a single day on January 10, she was granted leave after filing her "Leave of Absence Request Form." If Plaintiff was sent away, it was only because she so requested. Plaintiff has not pointed the Court to any facts or produced any further evidence to the contrary.

Defendant next argues that granting this leave of absence fulfilled its obligations under FEHA. The Court agrees.

Under FEHA, an employer must "engage in a timely, good

1  faith, interactive process with the employee . . . to determine
2  effective reasonable accommodations . . . ."  Cal. Gov't Code
3  § 12940(n).  An employer fulfills these requirements if the
4  employer in fact provided a reasonable accommodation as defined
5  by section 12490(m).  See Violan v. On Lok Senior Health Servs.,
6  2013 WL 6907153, at *9 (N.D. Cal. Dec. 31, 2013); Tannlund-McCoy
7  v. Golden Gate Bridge, Highway & Transp. Dist., 2003 WL
8  21838378, at *8 (N.D. Cal. July 30, 2003).  Under some
9  circumstances, a leave of absence can constitute a reasonable
10  accommodation.  See, e.g., Dep't of Fair Employment & Housing v.
11  Lucent, 642 F.3d 728, 744 (9th Cir. 2011); Tannlund-McCoy, 2003
12  WL 21838378, at *7; Hanson v. Lucky Stores, Inc., 74 Cal.App.4th
13  215, 226 (1999).  For instance, in Tannlund-McCoy, a bus driver
14  suffered from anxiety resulting in a "temporary, total inability
15  to drive a bus."  Id. at *1, *7.  Her employer granted her two
16  leaves of absence, after which she was able to fully resume her
17  job responsibilities.  Id. at *7.  The court held that "the
18  [two] leave[s] of absence [] granted w[ere] . . . [sufficient]
19  reasonable accommodation as a matter of law."  Id.

20      Here, Defendant is correct that the leave of absence
21  constituted sufficient accommodation.  As in Tannlund-McCoy,
22  Defendant granted a leave of absence for the purpose of
23  alleviating Plaintiff's "serious health condition."  It is
24  possible that this leave would not have fully enabled Plaintiff
25  to return to work and resume her responsibilities.  And in that
26  case, FEHA may have required Defendant to engage in further
27  consultation and interactive process with Plaintiff.  See
28  Hanson, 74 Cal.App.4th at 226.

But such a possibility is merely speculation that cannot hold off summary judgment.  See Emeldi v. University of Oregon, 698 F.3d 715, 728 (9th Cir. 2012) ("[M]ere speculation cannot raise an issue of fact.").  This possibility was not borne out because shortly after Plaintiff began her leave of absence, her employment ended for unrelated reasons.  Therefore, under the circumstances presented by the undisputed facts, the Court holds that this accommodation was adequate as a matter of law.  FEHA did not compel Defendant to engage in any further process.

For these reasons, the Court GRANTS summary judgment for Defendant on the third cause of action for failure to engage in the interactive process and the fourth cause of action for failure to provide a reasonable accommodation.  Resolving the motion on these grounds, the Court need not reach the parties' remaining arguments, including whether the restrictions in the Work Status/Progress Reports left Plaintiff unable to perform any duties and whether assigning her to a new supervisor was requested or required.

III.   ORDER

The Court GRANTS Defendant's motion for summary judgment as to Plaintiff's third and fourth causes of action and reaffirms its prior decision granting summary judgment for Defendant on all of the other causes of action in Plaintiff's Complaint.

IT IS SO ORDERED.

Dated: November 12, 2014

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE